**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICKY A. LOCKWOOD,

          **Plaintiff,**                    **Case No. 18-cv-12589**

          **v.**                         **District Judge Sean F. Cox**

**COMMISSIONER OF**               **Magistrate Judge Mona K. Majzoub**
**SOCIAL SECURITY,**

          **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Ricky A. Lockwood seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that he is not entitled to benefits under the Social Security Act.  (Docket no. 1.)  Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 14) and Defendant's Motion for Summary Judgment (docket no. 15).  This matter has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).  (Docket no. 3.)  Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

## I.     RECOMMENDATION

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 14) be **GRANTED**, that Defendant's Motion for Summary Judgment (docket no. 15) be **DENIED**, and that the case be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).

## II.    PROCEDURAL HISTORY

On May 1, 2015, Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging that he has been disabled since October 3, 2014. (TR 179–92.)  The Social Security Administration initially denied Plaintiff's claims on October 1, 2015.  (TR 93–108.)  On June 22, 2017, Plaintiff appeared with counsel and testified at a hearing before Administrative Law Judge ("ALJ") John Loughlin.  (TR 34–68.)  During the hearing, Plaintiff amended his alleged onset date to September 12, 2015.  (TR 38.)

On October 17, 2017, the ALJ issued an unfavorable decision on Plaintiff's claims.  (TR 10–23.)  Plaintiff requested review by the Appeals Council, which was denied on July 17, 2018. (TR 1–3.)  On August 20, 2018, Plaintiff commenced this action for judicial review.  (Docket no. 1.)  The parties filed cross motions for summary judgment, which are currently before the Court. (Docket no. 14; docket no. 15.)

## III.    HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief procedural history of this matter as well as a short summary of his medical issues.  (Docket no. 14, pp. 7–16.)  In addition, the ALJ summarized Plaintiff's medical record (TR 12–21), and Defendant provided its own summary of the facts (docket no. 15, pp. 4–11).  Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record.  Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV.     ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ determined that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2019 and that he had not performed substantial gainful activity since September 12, 2015, the amended alleged onset date.  (TR 12.)  In addition, the ALJ found that Plaintiff had the following severe impairments: "lumbar degenerative disc disease, scoliosis, lumbosacral facet joint arthropathy with laminectomy, cervical degenerative disc disease with fusion, left shoulder arthritis, cataract, presbyopia, vestibular system dysfunction/benign positional vertigo, seizure/pseudo-seizure disorder, major depressive disorder, and anxiety."    (*Id*.) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (TR 13.)  The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b), subject to the following non-exertional limitations:

- ▪ Plaintiff can frequently reach overhead with the left and light upper extremities;

- ▪ Plaintiff can occasionally balance, kneel, crouch, stoop, and crawl;

- ▪ Plaintiff can occasionally climb stairs and ramps;

- ▪ Plaintiff can never climb ladders, ropes and scaffolds and can never be exposed to vibrations, unprotected heights and moving mechanical parts;

- ▪ Plaintiff can understand and remember simple instructions, make simple work-related decisions, carry out simple instructions, can occasionally deal with changes in a routine work setting, and can occasionally deal with supervisors, coworkers and the public.

(TR 15–16.)  Based on this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that a person with Plaintiff's RFC could perform the requirements of jobs that exist in significant numbers in the national economy, including laundry sorter, machine tender, and inspector.  (TR 22.)  Accordingly, the ALJ concluded that Plaintiff has not been under a

disability, as defined in the Social Security Act, from the amended alleged onset date through the

date of the decision.  (TR 23.)

## V.      LAW AND ANALYSIS

### A.      Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's

final decisions.  Judicial review of the Commissioner's decisions is limited to determining whether

his findings are supported by substantial evidence and whether he employed the proper legal

standards.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d

525, 528 (6th Cir. 1997).   Substantial evidence is more than a scintilla but less than a

preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion.'"  *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*,

305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.  It is not the function of this Court to try

cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *See Brainard*

*v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745

F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the

administrative record as a whole.  *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524,

536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  If the Commissioner's decision is

supported by substantial evidence, it must be affirmed, even if the reviewing court would decide

the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if

substantial evidence also supports the opposite conclusion.  *See Her v. Comm'r*, 203 F.3d 388,

389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that

the substantial evidence standard "presupposes that there is a zone of choice within which the

decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B.     Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C.    Analysis

Plaintiff contends that the ALJ erred by determining that he could walk without the use of a cane.  (Docket no. 14, p. 29.)  Plaintiff also asserts that the ALJ failed to give good reasons for discounting the opinion of his treating physician (*id.* at 17–26) and that the ALJ failed to consider the limiting effects of his lumbar impairment (*id.* at 27–28).

#### 1.  Use of a Cane

In addressing Plaintiff's RFC, the ALJ observed that Plaintiff "alleged he needed a cane because he was prone to fall down."  (TR 20.)  But the ALJ did not include a cane limitation in Plaintiff's RFC because "evidence consistently noted full strength in the lower extremities and normal gait."  (*Id.*)  In support, the ALJ cited the records of Plaintiff's doctor Debasish Mridha, MD.

However, Dr. Mridha's records frequently diagnose Plaintiff with a "gait abnormality."  (TR 674, 677, 687, 691.)  The records of other doctors similarly reflect that Plaintiff had difficulty walking without a cane.  (TR 470 ("gait was unsteady"); TR 502 ("gait disturbance"); TR 504 ("ambulates with cane"); TR 640 ("walking with cane today").)  Due to these inconsistencies, the RFC is not supported by substantial evidence.

Defendant concedes that "the decision should have accounted for Plaintiff's use of a cane in the RFC, or otherwise provided a more substantive explanation for finding that the evidence did not support such a restriction."  (Docket no. 15, p. 25.)  But Defendant argues that this error is harmless because "the restriction would not prevent Plaintiff from performing other work existing in significant numbers in the local economy."  (*Id.*)  Defendant cites the VE's testimony that an individual with Plaintiff's RFC and a cane limitation could perform "22,000 mail clerk jobs; 50,000 office helper jobs; and 40,000 assembler jobs in the national economy."  (*Id.* at 26.)

Significantly, however, the VE testified that those jobs would only be available to an individual who could "use the cane but lift to the limits of [light work, i.e.] 20 pounds." (TR 65.) Although the ALJ determined that Plaintiff could lift up to twenty pounds, the decision fails to account for the impact of Plaintiff using a cane, including the fact that Plaintiff would be able to lift with only his non-cane arm.

Because the decision does not consider whether Plaintiff can lift as much with one arm as he could with two, it is not clear that Plaintiff could meet the requirements of the jobs identified by the VE. Accordingly, the failure to include a cane limitation is not harmless error.

### 2. *Other Objections*

Because the undersigned recommends that the case be remanded based on the erroneous determination that Plaintiff could walk without a cane, judicial economy favors deferring analysis of Plaintiff's other objections.

## VI. CONCLUSION

For the reasons stated herein, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 14) be **GRANTED**, that Defendant's Motion for Summary Judgment (docket no. 15) be **DENIED**, and that the case be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638

F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 13, 2019          s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: August 13, 2019          s/ Leanne Hosking
                                Case Manager